CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 01 2016

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:14CR00020-4 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LARRY DARNELL BORDEN, | ) | By: Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

Larry Darnell Borden, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Borden alleges that counsel provided ineffective assistance. The government filed a motion to dismiss and Borden responded, making this matter ripe for disposition. After reviewing the record and briefs, the court concludes that Borden has not stated any meritorious claim for relief under § 2255 and the government's motion to dismiss must be granted.

### I.

On August 1, 2013, a federal grand jury indicted Borden and five co-defendants with drug-related crimes. Borden was charged with conspiracy to possess with intent to distribute 1,000 grams or more of heroin, 280 grams or more of cocaine base, and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846 ("Count One"), and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Counts Four, Six – Nine"). Indictment at 1-5, ECF No. 13.

On July 18, 2014, Borden and the government entered into a plea agreement in which Borden agreed to plead guilty to Counts One, Four and Six, and the government agreed to dismiss the remaining possession with intent to distribute charges. Plea Agree. at 1-2, ECF No. 112. A plea hearing was held on August 18, 2014. Defense counsel stated that she had

met with Borden several times and had read him important documents because he has trouble reading. Plea Hr'g Tr. at 5-6, ECF No. 268. Borden affirmed that he had received a copy of the indictment, counsel had read it to him, and they had discussed the charges, the right to proceed to trial, and the pros and cons of pleading guilty. Id. at 9-10. Borden affirmed that he was "fully satisfied with the advise and representation [his] counsel . . . ha[d] given [him] in this case." Id. at 29. Counsel stated that she had reviewed the plea agreement with Borden, and he agreed that he had reviewed each page of the plea agreement with counsel before signing it. Id. at 13.

The government reviewed the essential terms of the plea agreement on the record. Id. at 15-16. The government noted that for all three counts, Borden faced a maximum twenty-year sentence. Id. at 15. The government also noted the "very important" part of the plea agreement in which Borden gave up his right to appeal or to collaterally attack his sentence except for limited circumstances. Id. at 16. Borden affirmed his understanding that by pleading guilty, he was giving up his right to appeal and to collaterally attack his sentence. Id. at 28. The government also read aloud a statement of facts signed by Borden and his counsel, which included the following passage: "Borden stayed with [a coconspirator] and became well aware of [the coconspirator's] heroin-trafficking activities that included the possession of firearms to protect the drug business." Id. at 32. When asked whether he agreed with the statement of facts, Borden stated "As far as with the guns, I haven't seen guns. . . . Matter of fact, I didn't even know they had guns until, you know, I seen some over [a coconspirator's] house, and I think [a different coconspirator] took one with him." Id. at 39. Borden affirmed that he was pleading guilty because he was, in fact,

2

guilty of Counts One, Four and Six. Id. at 41. The court found that Borden was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges against him and the consequences of his plea, and accepted his guilty plea. Id. at 43.

The Presentence Investigation Report ("PSR") recommended a total offense level of 23, which included a two-level enhancement for possessing a dangerous weapon, pursuant to United States Sentencing Guideline (U.S.S.G.) § 2D1.1(b)(1), a criminal history category of II, resulting in a guideline imprisonment range of 51 to 63 months. PSR ¶ 121. Defense counsel made numerous objections to the PSR, including one to the two-point enhancement for possession of a dangerous weapon. Id. at 28. The response provided in the PSR noted that the grand jury testimony of Borden's ex-girlfriend, Rose Kirk, confirmed that he had possessed a gun on multiple occasions and the statement of fact read into the record at the plea colloquy noted that Borden was aware that a co-conspirator had possessed firearms to protect the drug business. Id. at 28-29.

Both the defense and the government filed sentencing memoranda. The defense requested a sentence of time served (11 months) and argued that the weapons-enhancement should not apply because, although Borden saw a gun at a coconspirator's apartment, "he did not know the scope of the conspiracy at that time" and "never carried a gun himself." Def. Sent. Memo at 5, ECF No. 167. In addition, the defense argued that the testimony from Kirk was unreliable because their relationship ended on "bad terms." Id. at 6. The government requested a sentence of 63 months and responded to defense counsel's objection to the firearms enhancement by noting, as did the PSR, that Borden's

3

coconspirator had a gun of which Borden was aware, and Kirk had previously testified that Borden possessed a firearm. U.S. Sent. Memo. at 2-3, ECF No. 170.

A sentencing hearing was held on January 16, 2015. At the hearing, with regard to the gun enhancement, the government presented evidence from Kirk that a coconspirator had owned a firearm and left it lying around the apartment the coconspirator shared with Borden. Sent. Hr'g Tr. at 49, ECF No. 267. She further testified that on one occasion Borden had gotten the gun, brought it to her apartment and "waved it around for a minute." Id. at 52. Defense counsel questioned Kirk about her extensive criminal history, which included numerous drug convictions, and also convictions for giving a false identity to an officer, forgery, shoplifting, and obtaining money by false pretenses, among others. Id. at 60-61. Defense counsel asked whether Kirk was being charged in the drug conspiracy to which Borden pleaded guilty. She confirmed that she had not been charged but had sold drugs on occasion. Id. at 61.

Defense counsel called Borden to testify. He stated that he never carried a gun nor had one in his possession for the entire time that he was in Virginia and that he had never waved a gun at Kirk's apartment. Id. at 63. Borden testified that a codefendant had admitted to having a gun, but Borden had never seen it so did not know if that was true. Id. at 63.

In response, the government called a federal agent to testify who had interviewed Borden in relation to a proffer that Borden made. The agent testified that Borden had said that he knew his codefendant had firearms that were used to protect the drug business. Id. at 69. The court overruled the objection to the firearm enhancement because, based on the

4

testimony, it was clear that Borden knew that a coconspirator possessed a gun in order to protect the drug trade, which is all that is required under Fourth Circuit law. Id. at 75-77. The court sentenced Borden to a within-guidelines sentence of 60 months. Borden did not appeal. In this § 2255 petition, Borden raises two ineffective assistance claims: (1) counsel did not object to the unreliability of Kirk's testimony supporting the firearm enhancement and (2) counsel failed to advise him that any issue not directly appealed is subject to the affirmative defense of procedural default when raised in a § 2255 petition.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Borden bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). The proper vehicle for a defendant to raise an ineffective assistance of counsel claim is by filing a § 2255 motion. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, ineffective assistance claims are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Accordingly, in order to establish a viable claim of ineffective assistance of

5

counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. Id. at 687. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689, 690.

To satisfy the prejudice prong of Stickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. To show prejudice following a guilty plea, a defendant must establish that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty but would have gone to trial instead. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Borden's claims of ineffective assistance of counsel do not satisfy Strickland's stringent requirements.

### A. Failure to Object to Unreliable Testimony

Borden first argues that he received deficient representation because counsel failed to object to the testimony provided by Kirk in support of the two-level enhancement for possession of a firearm, pursuant to U.S.S.G. § 2D1.1(b)(1). This claim is incorrect.

Defense counsel objected, on multiple occasions, to Kirk's testimony. First, defense counsel objected to the enhancement in the PSR. Then, defense counsel filed a sentencing

6

memorandum, questioning whether Kirk's testimony was reliable. Finally, at the sentencing hearing, counsel cross-examined Kirk and highlighted her unreliability as a witness by asking her about her extensive criminal history, which included many charges involving dishonesty or false statements. In addition, defense counsel underscored the fact that Kirk had not been charged in the conspiracy but had participated in some drug sales, suggesting that she had an incentive to testify favorable for the government.

Moreover, the two-point enhancement was clearly applicable. As the court noted at sentencing, the dangerous-weapons enhancement is appropriate where it was reasonably foreseeable to the defendant that a coconspirator possessed a firearm in furtherance of the conspiracy. United States v. Brooks, 957 F.2d 1138, 1148 (4th Cir. 1992). In making its determination, the court relied on the statement of facts that Borden signed that provided that Borden knew a coconspirator possessed guns, Borden's testimony at the plea colloquy that he had seen a coconspirator with a firearm, and the sentencing-hearing testimony of a federal agent who had recorded Borden's proffer and stated that Borden had admitted that he knew that coconspirators possessed firearms to protect the drug trade. Accordingly, Borden cannot establish either that counsel provided ineffective assistance or that he suffered any prejudice. Strickland, 466 U.S. at 687.

### B. Failure to Inform of Procedural Default Rules

Next, Borden argues that counsel provided ineffective assistance because she did not tell him that he would largely be foreclosed from collaterally attacking his sentence on procedural default grounds if he did not file a direct appeal. Borden admits that "[h]is attorney told him that he waived his right to appeal and any challenge would be futile."

7

§ 2255 Mot. at 13, ECF No. 259. However, he asserts that "[c]ounsel did not tell [him] of the procedural default rule." Id. This claim, too, lacks merit.

A criminal defendant may waive his right to appeal and "to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Here, Borden cannot establish anything other than that his wavier was knowingly and voluntarily made. He signed and initialed every page of his plea agreement, which stipulated that he waive his right to appeal and to collateral attack his sentence except in limited circumstances. At his plea colloquy, the court reviewed with Borden that he was giving up his right to appeal and collaterally attack his sentence. Borden affirmed that he understood.

This waiver is valid. Indeed, Borden does not claim otherwise. For all practical purposes, therefore, the waiver foreclosed appellate review as well as a collateral attack. Borden argues, however, that "despite the waiver, the appeals court could have reviewed for plain error," which would have preserved the issues for review on collateral attack.

This is incorrect. When a defendant has knowingly and intelligently waived his right to appeal, as Borden did here, the Fourth Circuit will not review the appeal, except in very limited circumstances which are not at issue in this case. Instead, the appeal must be dismissed. See United States v. Blick, 408 F.3d 162, 167-68 (4th Cir. 2005) ("Because we found that the appeal waiver was voluntarily and intelligently made, we dismissed the appeal without addressing the merits of [the defendant's] argument.").

Even assuming that counsel did not discuss with Borden the procedural default rule, he cannot establish prejudice because counsel did discuss with him the consequences of

8

waiving his appellate and collateral attack rights, as did the court at his plea colloquy. Because it was the waiver that limited his right to collaterally attack his sentence and not the procedural default rule, Borden cannot establish that but for counsel's error, "the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

## IV.

For the reasons stated herein, the court grants the government's motion to dismiss. Because Borden has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 30th day of November, 2016.

/s/ Michael F. Urbanski
United States District Judge